UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST BILLIZONE, SR.**      **CIVIL ACTION**

**VERSUS**      **NO. 14-2594**

**JEFFERSON PARISH CORRECTIONAL CENTER, ET AL.**      **SECTION: "C"(1)**

# O R D E R

Plaintiff has filed a motion asking that the Court certify this matter as a class action. Rec. Doc. 5. However, it is clear that *pro se* litigants should not be allowed to serve as class representatives. As the United States Tenth Circuit Court of Appeals has noted:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); accord Powers v. Clay, C.A. No. V-11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); Wetzel v. Strain, Civ. Action No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); Luna v. Kliebert, Civ. Action No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009), aff'd, 368 Fed. App'x 500 (5th Cir. 2010); Sosa v. Strain, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007). A *pro se* plaintiff's tenacity and zeal "are

no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."  MacKenzie v. Local 624, International Union of Operating Engineers, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); accord Luna, 2009 WL 2175773, at *1 n.1; Sosa, 2007 WL 1521441, at *7.  Accordingly, plaintiff's motion is **DENIED**.

    New Orleans, Louisiana, this eighth day of December, 2014.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**